IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARNEY A. GONZALEZ III,<br>　　　Plaintiff,<br>v.<br>BANK OF AMERICA, N.A.,<br>　　　Defendant. | § § § § § § | Civil Action No. H-13-861 |
| JEFFERY K. HAYMAN *and*<br>DEBORAH M. HAYMAN,<br>　　　Plaintiffs,<br>v.<br>BANK OF AMERICA, N.A.,<br>　　　Defendant. | § § § § § § § § | Civil Action No. H-13-1028 |
| NORMA CALIDONIO,<br>　　　Plaintiff,<br>v.<br>DEUTSCHE BANK NATIONAL<br>TRUST COMPANY,<br>　　　Defendant. | § § § § § § § § | Civil Action No. H-13-2576 |
| JUDY JACK,<br>　　　Plaintiff,<br>v.<br>DEUTSCHE BANK NATIONAL<br>TRUST COMPANY, *as trustee*,<br>　　　Defendant. | § § § § § § § § | Civil Action No. H-13-2929 |
| GYORGY B. TOROK,<br>　　　Plaintiff,<br>v.<br>WELLS FARGO BANK, N.A. *and*<br>OCWEN LOAN SERVICING, LLC,<br><br>　　　Defendants. | § § § § § § § § | Civil Action No. H-14-1074 |

## <u>ORDER OF SANCTIONS</u>

## I.  BACKGROUND

*A.    The June 9, 2014 Dismissal Orders*

On June 9, 2014, the Court issued the following five orders:  (1) In civil action number H-13-861, an order dismissing Plaintiff Barney A. Gonzalez III's ("Gonzalez") claims against Defendant Bank of America, N.A. ("Bank of America"); (2) In civil action number H-13-1028, an order dismissing Plaintiffs Jeffery K. Hayman and Deborah M. Hayman's (the "Haymans") claims against Bank of America; (3) In civil action number H-13-2576, an order dismissing Plaintiff Norma Calidonio's ("Calidonio") claims against Defendant Deutsche Bank National Trust Company ("Deutsche Bank"); (4) In civil action number H-13-2929, an order dismissing Plaintiff Judy Jack's ("Jack") claims against Deutsche Bank; and (5) In civil action number H-14-1074, an order dismissing Plaintiff Gyorgy B. Torok's ("Torok") claims against Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Ocwen Loan Servicing, LLC ("Ocwen").  All five of these cases were dismissed because the causes of action brought by Gonzalez, the Haymans, Calidonio, Jack, and Torok (collectively, "Plaintiffs") against Bank of America, Deutsche Bank, Wells Fargo, and Ocwen (collectively, "Defendants") were barred by the applicable statute of limitations.

In these five cases, Plaintiffs had alleged exactly the same causes of action against Defendants for violations of the Texas Constitution, breach of contract or to enforce contract, and quiet title, all based on alleged violations of article 16, section 50(a)(6) of

2

the Texas Constitution. However, in February 2013, the Fifth Circuit in *Priester v. JP Morgan Chase Bank, N.A* held a four-year statute of limitations "applies to constitutional infirmities under Section 50(a)(6)" of the Texas Constitution. *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 673–74 (5th Cir. 2013). Despite *Priester*, in the five cases pending before this Court identified *supra* and numerous other cases throughout the Southern District of Texas, attorneys with The Lane Law Firm, contending *Priester* is not controlling, continued to assert causes of action based on alleged violations of section 50(a)(6) of the Texas Constitution that were barred by the statute of limitations.[1] Attorneys with The Lane Law Firm appealed dismissal of one such case, *Moran v. Ocwen Loan Servicing, L.L.C.*, to the Fifth Circuit. *Moran v. Ocwen Loan Servicing, L.L.C.*, No. 13-20242, 2014 WL 1193510 (5th Cir. Mar. 24, 2014) (per curiam). The Lane Law Firm represented Plaintiffs in these five cases as well as the plaintiff in *Moran*. Consequently, the petitions in these five cases were substantially similar to the petition in *Moran*.[2] Also, the arguments raised by Plaintiffs

---

[1] *E.g., Wohlfahrt v. Deutsche Bank Nat'l Trust Co.*, No. G-14-54 (S.D. Tex. May 27, 2014), ECF No. 15 (Froeschner, Mag.) (report and recommendation); *Taylor v. U.S. Bank Nat'l Ass'n*, No. H-13-3783, 2014 WL 1703936 (S.D. Tex. Apr. 29, 2014) (Lake, J.); *Martinez v. Bank of N.Y. Mellon Trust Co.*, No. H-14-321 (S.D. Tex. Apr. 4, 2014), ECF No. 20 (Rosenthal, J.); *McKeehan v. Citimortgage, Inc.*, No. H-13-3765 (S.D. Tex. Mar. 13, 2014), ECF No. 15 (Atlas, J.); *Pilson v. U.S. Bank Nat'l Ass'n*, No. 4:13-cv-3204 (S.D. Tex. Mar. 13, 2014), ECF No. 15 (Ellison, J.); *Skinner v. Wells Fargo Bank, N.A.*, No. H-13-2613, 2013 WL 5781244 (S.D. Tex. Oct. 25, 2013) (Werlein, J.); *Ausmus v. Deutsche Bank Trust Co. Nat'l Ass'n*, No. 3:13-CV-148, 2013 WL 3938515 (S.D. Tex. July 29, 2013) (Costa, J.).

[2] *Compare* Original Petition and Request for Disclosures at 6–17, *Gonzalez v. Bank of Am., N.A.*, No. H-13-861 (S.D. Tex. June 9, 2014), ECF No. 1, Attachment 1; Original

in these five cases were substantially similar to the arguments raised in *Moran*.[3]  On March 24, 2014, the Fifth Circuit in *Moran* reaffirmed *Priester*, affirming that causes of action based on alleged violations of section 50(a)(6) of the Texas Constitution are subject to a four-year statute of limitations. *Moran*, 2014 WL 1193510, at *1–3.

Nevertheless, **after** the Fifth Circuit issued its opinion in *Moran*, attorneys with The Lane Law Firm filed supplemental briefing in each of the five cases herein arguing the Fifth Circuit's *Erie* guess in *Priester* was "wrong," advocating the four-year statute of limitations does not apply to Plaintiffs' causes of actions, and **never mentioning**

---

Petition and Request for Disclosures at 5–15, *Hayman v. Bank of Am., N.A.*, No. H-13-1028 (S.D. Tex. June 9, 2014), ECF No. 1, Attachment 1; Original Petition and Request for Disclosures at 2–13, *Calidonio v. Deutsche Bank Nat'l Trust Co.*, No. H-13-2576 (S.D. Tex. June 9, 2014), ECF No. 1, Attachment 3; Original Petition and Request for Disclosures at 6–16, *Jack v. Deutsche Bank Nat'l Trust Co.*, No. H-13-2929 (S.D. Tex. June 9, 2014), ECF No. 1, Attachment 1; *and* Original Petition and Request for Disclosures at 6–17, *Torok v. Wells Fargo Bank, N.A.*, No. H-14-1074 (S.D. Tex. June 9, 2014), ECF No. 1, Attachment 1; *with* Original Petition and Request for Disclosures at 3–14, *Moran v. Ocwen Loan Servicing, LLC*, No. 4:13-cv-670 (S.D. Tex. Apr. 25, 2013), ECF No. 1, Exhibit 1.

[3] *Compare* Plaintiff's Response to Defendant's Motion for Judgment on the Pleadings, *Gonzalez v. Bank of Am., N.A.*, No. H-13-861 (S.D. Tex. June 9, 2014), ECF No. 14; Plaintiffs' Response to Defendant's Motion for Summary Judgment, *Hayman v. Bank of Am., N.A.*, No. H-13-1028 (S.D. Tex. June 9, 2014), ECF No. 15; Plaintiff's Response to Defendat's Motion to Dismiss, *Calidonio v. Deutsche Bank Nat'l Trust Co.*, No. H-13-2576 (S.D. Tex. June 9, 2014), ECF No. 6; Plaintiff's Response to Defendant's Rule 12(c) Motion for Judgment, *Jack v. Deutsche Bank Nat'l Trust Co.*, No. H-13-2929 (S.D. Tex. June 9, 2014), ECF No. 18; *and* Plaintiff Gyorgy B. Torok's Response to Defendants' Motion to Dismiss Under Rule 12(b)(6), *Torok v. Wells Fargo Bank, N.A.*, No. H-14-1074 (S.D. Tex. June 9, 2014), ECF No. 11; *with* Plaintiffs' Response to Defendants' Motion to Dismiss for Failure to State a Claim, *Moran v. Ocwen Loan Servicing, LLC*, No. 4:13-cv-670 (S.D. Tex. Apr. 25, 2013), ECF No. 6; *and Moran v. Ocwen Loan Servicing, L.L.C.*, No. 13-20242, 2014 WL 1193510 (5th Cir. Mar. 24, 2014).

***Moran***.[4]   Attorneys with The Lane Law Firm filed the supplemental briefing in Gonzalez's case on May 23, 2014, in the Haymans' case on May 27, 2014, in Calidonio's case on May 23, 2014, in Torok's case on May 21, 2014, and in Jack's case on May 22, 2014.   The supplemental briefing filed in all five of these cases is almost identical.[5]   Therefore, the supplemental briefing in all five of these cases will hereinafter be referred to collectively as the "Supplemental Briefing."

### B.   The Show-Cause Order and Hearing

Contemporaneously with the Court's June 9, 2014 dismissal orders, the Court *sua sponte* issued a show-cause order pursuant to Federal Rule of Civil Procedure 11, ordering Robert Chamless Lane ("Lane"), Anh Thu N. Dinh ("Dinh"), and Thomas Barta ("Barta") (collectively, "Plaintiffs' Attorneys") to show cause why they did not violate Rule 11 and should not be sanctioned.   Specifically, the Court ordered Plaintiffs'

---

[4] Plaintiff's Supplement to Response to Defendant's Motion for Judgment on the Pleadings, *Gonzalez v. Bank of Am., N.A.*, No. H-13-861 (S.D. Tex. June 9, 2014), ECF No. 18; Plaintiffs' Supplement to Response to Defendant's Motion for Summary Judgment, *Hayman v. Bank of Am., N.A.*, No. H-13-1028 (S.D. Tex. June 9, 2014), ECF No. 19; Plaintiff's Supplement to Response to Defendant's Motion to Dismiss, *Calidonio v. Deutsche Bank Nat'l Trust Co.*, No. H-13-2576 (S.D. Tex. June 9, 2014), ECF No. 15; Plaintiff's Supplemental Response to Defendant's 12(c) Motion for Judgment, *Jack v. Deutsche Bank Nat'l Trust Co.*, No. H-13-2929 (S.D. Tex. June 9, 2014), ECF No. 26; Plaintiff Gyorgy B. Torok's Supplement to Response to Defendants' Motion to Dismiss Under Rule 12(b)(6), *Torok v. Wells Fargo Bank, N.A.*, No. H-14-1074 (S.D. Tex. June 9, 2014), ECF No. 15.

[5] The supplemental briefing in Gonzalez's, the Haymans', Calidonio's, and Torok's cases are entirely identical and signed by the same attorney.   The supplemental briefing in Jack's case, which is signed by a different attorney, is worded slightly differently, yet it raises substantively identical arguments and contains no relevant differences.

Attorneys "to show cause why Plaintiffs' petitions and briefing in response to Defendants' motions (1) were not presented to cause unnecessary delay and (2) asserted claims warranted by existing law or by a nonfrivolous argument for reversing existing law, including, but not limited to, how the briefing did not purposefully mislead the Court in light of the Fifth Circuit's decision in *Moran*."[6]  A show-cause hearing was held on June 18, 2014.  Plaintiffs' Attorneys appeared at the hearing.  All Plaintiffs' Attorneys are employed by The Lane Law Firm.

## II. LAW & ANALYSIS

Federal Rule of Civil Procedure 11 provides a court may *sua sponte* sanction an attorney or law firm that presents to the court a written motion or other paper if the legal contentions therein are not warranted by existing law or by a nonfrivolous argument for modifying existing law or establishing new law. FED. R. CIV. P. 11(b)(2), (c)(1), (c)(3). Thus, the Court must determine (a) whether a Rule 11 violation occurred in these five cases and, if so, (b) who violated Rule 11 or was responsible for the Rule 11 violation, and (c) what sanction is appropriate.

---

[6] Show-Cause Order, *Gonzalez v. Bank of Am., N.A.*, No. H-13-861 (S.D. Tex. June 9, 2014), ECF No. 24; Show-Cause Order, *Hayman v. Bank of Am., N.A.*, No. H-13-1028 (S.D. Tex. June 9, 2014), ECF No. 25; Show-Cause Order, *Calidonio v. Deutsche Bank Nat'l Trust Co.*, No. H-13-2576 (S.D. Tex. June 9, 2014), ECF No. 18; Show-Cause Order, *Jack v. Deutsche Bank Nat'l Trust Co.*, No. H-13-2929 (S.D. Tex. June 9, 2014), ECF No. 29; Show-Cause Order, *Torok v. Wells Fargo Bank, N.A.*, No. H-14-1074 (S.D. Tex. June 9, 2014), ECF No. 18.

*A.    Whether a Rule 11 Violation Occurred*

Rule 11 provides that for any "pleading, written motion, or other paper" presented to the court, the attorney presenting such paper certifies "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." FED. R. CIV. P. 11(b)(2).  "Other papers" include legal contentions given in opposition of dismissal. *See Gibbes v. Ameristar Casino Vicksburg Inc.*, 137 F. App'x 673, 674–75 (5th Cir. 2005).  When determining whether Rule 11 has been violated, the standard is an objective standard of reasonableness under the circumstances. *Jenkins v. Methodist Hosps. of Dall., Inc.*, 478 F.3d 255, 264 (5th Cir. 2007).  The reasonableness of the conduct is assessed at the time the attorney filed the paper.  *Worrell v. Hous. Can! Acad.*, 287 F. App'x 320, 325 (5th Cir. 2008) (per curiam).

The legal contentions at issue here were asserted in Supplemental Briefing filed with the Court in response to motions to dismiss, for summary judgment, and for judgment on the pleadings.  Therefore, the Supplemental Briefing constitutes a paper under Rule 11 and must comply with Rule 11.

*1.    Whether the Legal Contentions in the Supplemental Briefing Were Warranted by Existing Law*

In the Supplemental Briefing, Plaintiffs' Attorneys contended that the Fifth Circuit's *Erie* guess in *Priester* "quickly" turned out "wrong" and that "**PRIESTER IS**

**DEAD**."[7] However, the Fifth Circuit in *Moran* had reaffirmed *Priester* just two months

**before** Plaintiffs' Attorneys filed the Supplemental Briefing.[8] Thus, *Priester* is in no

way dead. *Priester*—as reaffirmed by *Moran*—clearly rendered all of Plaintiffs' claims

barred by the statute of limitations.[9] The contention in the Supplemental Briefing that

the four-year statute of limitations does not apply to Plaintiffs' causes of actions was not

warranted by the law as it existed when the Supplemental Briefing was filed.

Further, Plaintiffs' Attorneys did not cite or otherwise reference *Moran* in the

Supplemental Briefing. At the show-cause hearing, Plaintiffs' Attorneys said they did

not cite to *Moran* because it was an unpublished opinion and because it upheld the

holding and reasoning of *Priester*. However, given that The Lane Law Firm represented

Plaintiffs in these five cases and the plaintiff in *Moran*, the petitions in these five cases

---

[7] *See* sources cited *supra* note 4 (emphasis in originals). Although the supplemental briefing in Jack's case did not contain the phrase "Priester is dead" as was contained in Gonzalez's, the Haymans', Calidonio's, and Torok's cases, the supplemental briefing in Jack's case made substantially similar arguments that the holding in *Priester* no longer applies, including stating that "[t]he Fifth Circuit's guess [in *Priester*] was quickly shown to be wrong" and that "*Norwood* and *Sims* strongly suggest that the Fifth Circuit's 'Erie guess' [in *Priester*] was incorrect." Plaintiff's Supplemental Response to Defendant's 12(c) Motion for Judgment at 4–5, *Jack v. Deutsche Bank Nat'l Trust Co.*, No. H-13-2929 (S.D. Tex. June 9, 2014), ECF No. 26. Therefore, the fact that the supplemental briefing in Jack's case did not contain the phrase "Priester is dead" is inconsequential to this Court's sanctions analysis.

[8] *Compare Moran*, 2014 WL 1193510 (issued March 2014), *with* sources cited *supra* note 4 (filed May 2014).

[9] For further discussion on why all of Plaintiffs' claims were barred by the statute of limitations, see this Court's June 9, 2014 orders in these five cases.

8

were substantially similar to the petition in *Moran*,[10] and the arguments in these five cases were substantially similar to the arguments in *Moran*,[11] Plaintiffs' Attorneys omission of *Moran* was misleading.  Moreover, it is especially egregious for Plaintiffs' Attorneys to have not cited *Moran* in the Supplemental Briefing when they had previously requested that this Court refrain from deciding these five cases until the Fifth Circuit decided the motion to certify in *Moran*.[12]  In so doing, Plaintiffs' Attorneys selectively raised *Moran* when it was advantageous to do so, but ignored *Moran* when it was disadvantageous to do so.  Such conduct was, at minimum, misleading as to the state of the existing law.

2.    *Whether the Legal Contentions in the Supplemental Briefing Were Warranted by Nonfrivolous Argument for Modifying Existing Law or Establishing New Law*

At the show-cause hearing, Plaintiffs' Attorneys contended they were advocating for new law.  In the Supplemental Briefing, Plaintiffs' Attorneys contended the Texas Supreme Court cases of *Finance Commission of Texas v. Norwood*, 418 S.W.3d 566

---

[10] *See* sources cited *supra* note 2.

[11] *See* sources cited *supra* note 3.

[12] Plaintiff's Response to Defendant's Motion for Judgment on the Pleadings at 1, *Gonzalez v. Bank of Am., N.A.*, No. H-13-861 (S.D. Tex. June 9, 2014), ECF No. 14; Plaintiffs' Response to Defendant's Motion for Summary Judgment at 1–2, *Hayman v. Bank of Am., N.A.*, No. H-13-1028 (S.D. Tex. June 9, 2014), ECF No. 15; Plaintiff's Response to Defendant's Rule 12(c) Motion for Judgment at 1–2, *Jack v. Deutsche Bank Nat'l Trust Co.*, No. H-13-2929 (S.D. Tex. June 9, 2014), ECF No. 18.

(Tex. 2013) and *Sims v. Carrington Mortgage Services, L.L.C.*, No. 13-0638, 2014 WL 1998397 (Tex. May 16, 2014) rendered the Fifth Circuit's *Erie* guess in *Priester* wrong.[13]

When jurisdiction is based on diversity of citizenship, as it is in these five cases, a federal court must apply state law. *Kramer v. JP Morgan Chase Bank, N.A.*, No 13-50920, 2014 WL 2872905, at *3 (5th Cir. June 25, 2014) (per curiam).  When applying state law, the federal court is "bound to apply the law as interpreted by the state's highest court."  *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 421 (5th Cir. 2001) (internal quotation marks omitted).  When the state's highest court has not ruled, the federal court must "determine as best it can, what the highest court of the state would decide," which is known as making an *Erie* guess.  *Id.* (internal quotation marks omitted); *Boyett v. Redland Ins. Co.*, 741 F.3d 604, 607 (5th Cir. 2014).  "[The Fifth Circuit]'s interpretation of Texas law is binding on the district court, unless a subsequent state court decision or statutory amendment renders [the Fifth Circuit's] prior decision clearly wrong."  *Hughes*, 278 F.3d at 421.  At minimum, "clearly wrong" means "a contrary ruling squarely on point is required."  *F.D.I.C. v. Abraham*, 137 F.3d 264, 269 (5th Cir. 1998) (internal quotation marks omitted).  Further, the Fifth Circuit is a "strict *stare decisis* court," and "[i]t is a well-settled Fifth Circuit rule of orderliness

---

[13] *See* sources cited *supra* note 4.

that one panel of [the Fifth Circuit] may not overturn another panel's decision, absent

an intervening change in the law . . . ." *Id.* at 268; *Bormio Invs., Inc. v. USBC Bank USA*

*Nat'l Ass'n*, No 13-11311, 2014 WL 2924915, at *2 (5th Cir. June 30, 2014) (per

curiam) (quoting *Jacobs*, 548 F.3d at 378) (internal quotation marks omitted) (declining

to overrule *Priester* because there had been no change in Texas law since *Priester*).

"Adherence to this rule is no less immutable when the matter determined by the prior

panel is the interpretation of state law:  Such interpretations are no less binding on

subsequent panels than are prior interpretations of federal law." *Kyle v. Circus Circus*

*Miss., Inc.*, 430 F. App'x 247, 251 (5th Cir. 2011) (per curiam) (quoting *Abraham*, 137

F.3d at 268) (internal quotation marks omitted).   "Therefore, a prior panel's

interpretation of state law has binding precedential effect on other panels of this court

absent a subsequent state court decision or amendment rendering [the Fifth Circuit's]

decision clearly wrong." *Ford v. Cimarron Ins. Co.*, 230 F.3d 828, 832 (5th Cir. 2000).

The Texas Supreme Court has not yet ruled on the statute of limitations issue in

these five cases. *See Priester*, 708 F.3d at 673.  Therefore, the Fifth Circuit in *Priester*

had to decide, by making an *Erie* guess, what the Texas Supreme Court would decide.

*See id.* at 672–74.  In *Priester*, the Fifth Circuit decided a four-year statue of limitations

"applies to constitutional infirmities under Section 50(a)(6)" of the Texas Constitution.

*Id.* at 674.  This interpretation of Texas law is binding on this Court and other Fifth

Circuit panels unless a subsequent Texas state court decision or statutory amendment renders the Fifth Circuit's decision in *Priester* clearly wrong.

No aspects of either *Norwood* or *Sims* are clearly contrary to *Priester*. *Compare Norwood*, 418 S.W.3d at 569–97, *and Sims*, 2014 WL 1998397, at *1–5, *with Priester*, 708 F.3d at 671–79. The Texas Supreme Court did not address in either *Norwood* or *Sims* whether a four-year statute of limitations applies to violations of section 50(a)(6) of the Texas Constitution. *Norwood*, 418 S.W.3d at 569–97; *Sims*, 2014 WL 1998397, at *1–5. Indeed, Plaintiffs' Attorneys do not argue *Norwood* or *Sims* render *Priester* **clearly** wrong; rather, they argue that "*Norwood* and *Sims* strongly suggest that the Texas Supreme Court believes" a four-year statute of limitations does not apply and that "it can reasonably be inferred that the Texas Supreme Court intends to negate" *Priester*'s holding.[14] Strongly suggesting and reasonably inferring are not the correct legal standards when contending *Priester* should be overruled, and such language does not

_____

[14] Plaintiff's Supplement to Response to Defendant's Motion for Judgment on the Pleadings at 2–3, *Gonzalez v. Bank of Am., N.A.*, No. H-13-861 (S.D. Tex. June 9, 2014), ECF No. 18; Plaintiffs' Supplement to Response to Defendant's Motion for Summary Judgment at 2–3, *Hayman v. Bank of Am., N.A.*, No. H-13-1028 (S.D. Tex. June 9, 2014), ECF No. 19; Plaintiff's Supplement to Response to Defendant's Motion to Dismiss at 2–3, *Calidonio v. Deutsche Bank Nat'l Trust Co.*, No. H-13-2576 (S.D. Tex. June 9, 2014), ECF No. 15; Plaintiff's Supplemental Response to Defendant's 12(c) Motion for Judgment at 5, *Jack v. Deutsche Bank Nat'l Trust Co.*, No. H-13-2929 (S.D. Tex. June 9, 2014), ECF No. 26; Plaintiff Gyorgy B. Torok's Supplement to Response to Defendants' Motion to Dismiss Under Rule 12(b)(6) at 2–3, *Torok v. Wells Fargo Bank, N.A.*, No. H-14-1074 (S.D. Tex. June 9, 2014), ECF No. 15.

rise to the level of contending that *Priester* is clearly wrong or that the Texas Supreme Court has issued a contrary ruling squarely on point. In addition, at the show-cause hearing, Plaintiffs' Attorneys said they are currently trying to appeal a case on this statue of limitations issue to the Texas Supreme Court. In so arguing, they implicitly acknowledged the Texas Supreme Court has not yet ruled on this issue. Moreover, *Norwood* was decided before *Moran*; therefore, by asking the Court to consider whether *Norwood* rendered *Priester* clearly wrong, Plaintiffs' Attorneys were asking the Court to ignore the Fifth Circuit's interpretation of state law in *Moran*. Accordingly, no Texas Supreme Court case subsequent to *Moran*—or even subsequent to *Priester*—has rendered *Priester* clearly wrong. Plaintiffs' Attorneys' contention that *Norwood* and *Sims* rendered *Priester* wrong was frivolous, and thus their argument for the modification of *Priester* or for establishment of new law was frivolous.

Furthermore, the frivolity of a legal contention is measured "by the law existing at the time, not the law as it evolves or is amended in subsequent years." *Ozee v. Am. Council on Gift Annuities, Inc.*, 143 F.3d 937, 941 (5th Cir. 1998). Therefore, even if the Texas Supreme Court rules in the future contrary to *Priester*, the Supplemental Briefing would still be deemed to be frivolous because *Priester* controlled at the time the Supplemental Briefing was filed.

In summary, the legal contentions in the Supplemental Briefing were not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law. Accordingly, the Supplemental Briefing violated Rule 11.

B.     *Who Violated Rule 11 or Was Responsible for the Rule 11 Violation*

Having determined a Rule 11 violation occurred, the Court must determine who violated Rule 11 or who was responsible for the Rule 11 violation. Rule 11(b) provides an attorney that presents to the court (either by signing, filing, submitting, or advocating) a written motion or other paper certifies such paper complies with Rule 11. FED. R. CIV. P. 11(b). Rule 11's "obligations are 'personal [and] nondelegable.'" *Worrell*, 287 F. App'x at 325 (alteration in original) (quoting *Pavelic & LeFlore v. Marvel Entrm't Grp.*, 493 U.S. 120, 126 (1989)); *see also* FED. R. CIV. P. 11 advisory committee's note (1993).

As explained *supra*, the Supplemental Briefing constitutes a paper under Rule 11. Therefore, it was the personal and nondelegable duty of any attorney that signed, filed, submitted, or advocated the Supplemental Briefing to comply with Rule 11's obligations. Dinh signed the supplemental briefing in Gonzalez's, the Haymans', Calidonio's, and Torok's cases. Barta signed the supplemental briefing in Jack's case. Lane's name is listed first, just under Dinh's and Barta's signatures, on all of the Supplemental Briefing as an attorney for Plaintiffs. Lane is also listed as an attorney of

record in all five of these cases.  At the show-cause hearing, Lane represented he took responsibility for submission of the Supplemental Briefing in all five of these cases, and he spoke on behalf of himself, Dinh, and Barta.  Dinh and Barta said they completely support the statements of Lane.  For these reasons, the Court finds Lane violated Rule 11 with respect to the Supplemental Briefing in all five of these cases.  Dinh violated Rule 11 with respect to the supplemental briefing in Gonzalez's, the Haymans', Calidonio's, and Torok's cases.  Barta violated Rule 11 with respect to the supplemental briefing in Jack's case.

In addition, Rule 11(c)(1) provides that "[a]bsent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." FED. R. CIV. P. 11(c)(1). Dinh, Barta, and Lane are all attorneys with The Lane Law Firm. The Lane Law Firm employs nine attorneys total and regularly handles mortgage foreclosure cases with claims similar to the claims in these five cases. Pursuant to Rule 11(c)(1), the Court does not find any exceptional circumstances that warrant The Lane Law Firm not being held jointly responsible for the Rule 11 violations committed by Dinh, Barta, and Lane in these five cases. Therefore, The Lane Law Firm is held jointly responsible for the Rule 11 violations committed by Dinh, Barta, and Lane in these five cases.

15

C.    *What Sanction Is Appropriate*

Having determined Dinh, Barta, and Lane violated Rule 11 and The Lane Law Firm is responsible for the Rule 11 violations, the Court may "impose an appropriate sanction" on them. *See* FED. R. CIV. P. 11(c)(1) ("[T]he court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."). The court has "broad discretion in determining the 'appropriate sanction.'" *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 878 (5th Cir. 1988); *see also* FED. R. CIV. P. 11 advisory committee's note (1993). However, "[a] sanction imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." FED. R. CIV. P. 11(c)(4). Thus, the sanction should be the "least severe sanction" that "furthers the purposes of Rule 11." *Jenkins*, 478 F.3d at 265. One purpose of sanctions is to deter "the raising of claims that have been considered and rejected repeatedly." *Ozee*, 143 F.3d at 941. Rule 11 also "encourages the policy of truth and candor toward the [court]." *Spiller v. Ella Smithers Geriatric Ctr.*, 919 F.2d 339, 345 (5th Cir. 1990).

"The court has available a variety of possible sanctions to impose for violations, such as striking the offending paper; issuing an admonition, reprimand, or censure; requiring participation in seminars or other educational programs; ordering a fine payable to the court; [or] referring the matter to disciplinary authorities . . . ." FED. R.

CIV. P. 11 advisory committee's note (1993); *Thomas*, 836 F.2d at 877–78; *see also* FED. R. CIV. P. 11(c)(4). Other "innovative approach[es]" include requiring circulation of the court's opinion throughout the violating attorney's law firm, making a reprimand public, or instructing the court clerk to place a notation on the admissions record of the violating attorney. *See Thomas*, 836 F.2d at 878; *Jenkins*, 478 F.3d at 266; *Smith v. Our Lady of the Lake Hosp., Inc.*, 135 F.R.D. 139, 155, 157 (M.D. La. 1991), *rev'd on other grounds*, 960 F.2d 439 (5th Cir. 1992). When determining what sanction is appropriate, the court may consider, *inter alia*, "[w]hether the improper conduct was willful or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; [and] whether the responsible person is trained in the law." *TXCAT v. Phx. Grp. Metals, LLC*, No. H-10-0344, 2010 WL 5186824, at *5 (S.D. Tex. Dec. 14, 2010) (Harmon, J.) (first alteration in original) (quoting FED. R. CIV. P. 11 advisory committee's note (1993)) (internal quotation marks omitted).

As explained *supra*, Plaintiffs' Attorneys continued to advocate that Plaintiffs' claims were not barred by the statute of limitations when almost identical claims had just been ruled by the Fifth Circuit to have been barred by statute of limitations—in a case

that their own law firm litigated.  Not just one claim amongst other claims were barred by the statute of limitations; rather, all claims brought in all five cases were barred by the statute of limitations.  Also, The Lane Law Firm has similar cases currently pending in this Court and other courts in the Southern District of Texas, **including at least one such case filed *after* the show-cause hearing and one such case with supplemental briefing filed *after* the show-cause hearing that is substantially similar to the Supplemental Briefing in these five cases.**[15]  Indeed, at the show-cause hearing, Plaintiffs' Attorneys said they have dozens of similar cases pending in the Southern District of Texas.  Therefore, the Court finds sanctions are necessary to deter Plaintiffs' Attorneys from advocating claims or arguments in the future that have been considered and rejected by the Fifth Circuit.

In addition, as explained *supra*, Plaintiffs' Attorneys misled the Court by failing to cite *Moran* in the Supplemental Briefing.  The Court finds sanctions are also

---

[15] *E.g.*, Plaintiff's First Amended Complaint at 1–11, *Medellin v. J.P. Morgan Chase Bank, Nat'l Ass'n.*, No. H-14-1511 (S.D. Tex.), ECF No. 8, Exhibit 1 (Atlas, J.) (amended complaint filed July 11, 2014); Plaintiff's Sur-Reply to Defendant's Motion to Dismiss at 1–5, *Anthony v. Deutsche Bank Nat'l Trust Co.*, No. H-13-3283 (S.D. Tex.), ECF No. 16 (Harmon, J.) (supplemental briefing filed July 3, 2014); Plaintiff's Supplement to Response to Defendant's Motion to Dismiss at 1–3, *Anthony v. Deutsche Bank Nat'l Trust Co.*, No. H-13-3283 (S.D. Tex.), ECF No. 16 (Harmon, J.) (supplemental briefing); Original Petition and Request for Disclosures at 6–16, *Hunt v. U.S. Bank, Nat'l Ass'n*, No. H-13-3774 (S.D. Tex.), ECF No. 1, Exhibit 1 (Hittner, J.); Original Petition and Request for Disclosures at 2–13, *Stewart v. U.S. Bank, Nat'l Ass'n*, No. H-13-3197 (S.D. Tex.), ECF No. 1, Exhibit 5 (Hittner, J.).

necessary to encourage Plaintiffs' Attorneys to be more truthful and candid in the future.

Having determined sanctions are necessary, the Court hereby issues **formal sanctions** by hereby reprimanding Plaintiffs' Attorneys and The Lane Law Firm for their Rule 11 violations in this case. Additionally, the Court hereby admonishes Plaintiffs' Attorneys and The Lane Law Firm that another Rule 11 violation will result in the imposition of more severe sanctions, including, but not limited to, suspension from practice in the Southern District of Texas and/or referral to the Office of the Chief Disciplinary Counsel of the State Bar of Texas.

Because The Lane Law Firm has other similar cases currently pending in the Southern District of Texas, the Court orders the clerk of this Court to forward a copy of this Order of Sanctions to every district judge and magistrate judge in the Southern District of Texas.

In addition, the Court orders The Lane Law Firm to deliver a copy of this Order of Sanctions to each attorney currently employed by The Lane Law Firm. The Lane Law Firm is then to certify to this Court that it has done so.

Lastly, the Court orders the clerk of this Court to place a notation on Plaintiffs' Attorneys Southern District of Texas admissions records that formal sanctions have been issued against them.

Such reprimand and admonishment, along with the other aforenamed orders, are appropriate and are the least severe sanctions that further the purposes of Rule 11.

### III. CONCLUSION

Based on the foregoing, the Court hereby issues the following formal sanctions:

**REPRIMANDS** attorneys Robert Chamless Lane, Anh Thu N. Dinh, Thomas Barta, and The Lane Law Firm for violating Rule 11.  The Court further

**ADMONISHES** attorneys Robert Chamless Lane, Anh Thu N. Dinh, Thomas Barta, and The Lane Law Firm that another Rule 11 violation will result in the imposition of more severe sanctions.  The Court further

**ORDERS** the clerk of this Court to forward a copy of this Order of Sanctions to every district judge and magistrate judge in the Southern District of Texas.  The Court further

**ORDERS** The Lane Law Firm to deliver a copy of this Order of Sanctions to each attorney currently employed by The Lane Law Firm and then certify to this Court that it has done so.  The Court further

**ORDERS** the clerk of this Court to place a notation on Robert Chamless Lane's Southern District of Texas attorney admissions records that formal sanctions have been issued against him in Civil Action Numbers H-13-861, H-13-028, H-13-2576, H-13-2929, and H-14-1074; to place a notation on Anh Thu N. Dinh's Southern District of

Texas attorney admissions records that formal sanctions have been issued against her in Civil Action Numbers H-13-861, H-13-028, H-13-2576, and H-14-1074; and to place a notation on Thomas Barta's Southern District of Texas attorney admissions records that formal sanctions have been issued against him in Civil Action Number H-13-2929.

SIGNED at Houston, Texas, on this  *5*  day of August, 2014.

DAVID HITTNER
United States District Judge

21